**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 3 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NOEL ARCENIO SALDANA CASTILLO, | No.   13-74221 |
| Petitioner, | Agency No. A096-695-448 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Remand from the United States Supreme Court

Before:  TASHIMA and NGUYEN, Circuit Judges, and WALTER,** District Judge.

Noel Saldana, a native and citizen of Panama, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for cancellation of removal and

adjustment of status.  We have jurisdiction under 8 U.S.C. § 1252.  We initially

denied the petition, and the Supreme Court vacated our judgment and remanded for

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

reconsideration in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018). Reviewing legal questions de novo and the agency's factual findings for substantial evidence, *see Blanco v. Mukasey*, 518 F.3d 714, 718 (9th Cir. 2008), we now grant the petition in part, deny it in part, and remand to the Board for further proceedings.

**1.** Saldana contends that he accrued 10 years of continuous physical presence in the United States prior to service of a notice to appear—and thus is eligible for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(1)(A), (d)(1)—because his notice did not contain the date and time of his hearing and he did not learn this information until after the 10-year period had passed. The Board disagreed, relying on its decision in *In re Camarillo*, 25 I. & N. Dec. 644, 651 (B.I.A. 2011) ("[S]ervice of a notice to appear triggers the 'stop-time' rule, regardless of whether the date and time of the hearing have been included in the document."). In *Pereira*, the Supreme Court overruled *Camarillo*, holding that "to trigger the stop-time rule, the Government must serve a notice to appear that, at the very least, 'specif[ies]' the 'time and place' of the removal proceedings." 138 S. Ct. at 2114 (quoting 8 U.S.C. § 1229(a)(1), (a)(1)(G)(i)). Therefore, we grant Saldana's petition with respect to his claim for cancellation of removal and remand to the Board for reconsideration in light of *Pereira*.

**2.** Saldana contends that the Board erred by finding him ineligible for adjustment of status on the ground that he "falsely represented[] himself . . . to be a

2

citizen of the United States," 8 U.S.C. § 1182(a)(6)(C)(ii), on an I-9 employment eligibility verification form for a job with SeaTac Packaging. He argues that the Board improperly gave more weight to the testimony of Thomas Bolt, SeaTac's human resources director, than to his own testimony.

Saldana testified that when he applied for the job at SeaTac, he checked the box on his I-9 form indicating that he "had . . . authorization to work" (as opposed to the box stating he was a "citizen of the United States") and that SeaTac photocopied his work permit. On the I-9 form, however, only the "citizen" box was checked in the section signed by Saldana. Bolt had completed and signed another section indicating that he had verified Saldana's employment eligibility with a driver's license and social security card.

When confronted with these discrepancies, Saldana admitted that he knew at the time that his work permit had expired and could not remember who checked the "citizen" box, though he remembered filling out and signing the rest of the section. Bolt testified that he could not remember filling out Saldana's form but would not have filled out the citizenship information because he was signing it under penalty of perjury and had no way of knowing that information.

While under oath, Saldana never denied checking the "citizen" box, and the obvious inference is that he did—even fully crediting his inconsistent testimony in the light most favorable to him. Saldana "was required to clearly show that he was

3

not inadmissible, and he did not offset the strong inference that his [employment application] constituted a claim of United States citizenship." *Valadez-Munoz v. Holder*, 623 F.3d 1304, 1309 (9th Cir. 2010).

**PETITION GRANTED in part; DENIED in part; and REMANDED.**